* The Honorable George B. Daniels, of the United States District Court for the Southern Dis-

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**Juan Antonio TAPIA–ORTIZ,**
**Plaintiff–Appellant,**

**v.**

**Barry E. SCHULMAN, Esq., Attorney at Law, Albert I. Brakley, Esq., Attorney at Law, Defendants–Appellees.**

**Docket No. 01–7453–CV.**

United States Court of Appeals, Second Circuit.

Sept. 27, 2005.

Juan Antonio Tapia–Ortiz, White Deer, Pennsylvania, for Appellant, pro se.

Anne P. Richter, McManus, Collura & Richter, P.C., New York, New York. for Albert I. Brakley, for Appellees.

Barry E. Schulman, Brooklyn, New York, pro se.

Present: STRAUB, SOTOMAYOR, Circuit Judges, and DANIELS,* District Judge.

trict of New York, sitting by designation.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Eastern District of New York (Platt, J.) is AFFIRMED.

Plaintiff-appellant Juan Antonio Tapia–Ortiz, *pro se,* appeals from a judgment of the district court granting summary judgment in defendants' favor on his legal malpractice complaint. We assume the parties' familiarity with the facts of the case, its relevant procedural history, and the issues on appeal.

Tapia–Ortiz argues that the district court erred in applying a three-year statute of limitations to his claims because his claims were based in contract and did not accrue until either he discovered his attorneys' alleged errors or a final decision was issued in his forfeiture action. We disagree.[1]

Prior to September 6, 1996, a six-year statute of limitations applied to legal malpractice claims sounding in contract in New York. *See Shumsky v. Eisenstein,* 96 N.Y.2d 164, 166–67, 750 N.E.2d 67, 69–70, 726 N.Y.S.2d 365, 367–68 (2001). Since 1996, New York law has imposed a three-year statute of limitations on all non-medical malpractice claims, whether based in contract or tort. *See* N.Y. C.P.L.R. 214(6).

A claim of legal malpractice accrues when the malpractice is committed, not when it is discovered. *Shumsky,* 96 N.Y.2d at 167, 726 N.Y.S.2d 365, 750 N.E.2d 67. If a claim accrued prior to the 1996 statutory change, and if the litigant has more than one year left to bring an action under the new statute of limitations, that litigant is entitled to the full time remaining under the three-year limitations period. *Id.* Because, as Tapia–Ortiz concedes, his attorneys had ceased to represent him by the summer of 1995, his claims necessarily accrued before that date. Further, because Tapia–Ortiz had more than one year remaining under the new statute of limitations, he was afforded the full time remaining under the three-year limitations period. *Id.* The statute of limitations on his claims thus expired in 1998.[2]

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

1. The district court did not address Tapia–Ortiz's claim that he is a Pennsylvania resident. Because it reached the merits of the case, however, we presume the district court concluded that Tapia–Ortiz had alleged sufficient facts to establish diversity jurisdiction.

2. Although neither the district court nor appellees advised Tapia–Ortiz of the documents and affidavits needed to oppose a summary judgment motion, *see Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620–21 (2d Cir.1999), that failure does not warrant reversal here. The record reflects that, by submitting affidavits in support of his own summary judgment motion and in opposition to appellants' cross-motions, Tapia–Ortiz understood the nature and consequences of a motion for summary judgment.